5-1-2020

ATT: COURT CLERK,



RECEIVED MAY 22 2020
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

I was told to submit this paperwork to you as this is the court I was sentenced in. By the Honorable Judge OMEARA. Case number 09 CR 20502-1 on 4-21-2010.

If Granted I Have Home placement plans. With Home, work, Health care "V.A." and All Basic needs and family support.

Thank you.
Matthew Tyler
43913-039.

# IN THE UNITED STATES DISTRICT COURT

MATTHEW TYLER (43913-039)  )
    PETITIONER;  ) ORIGINAL CONVICTION CASE No.
    v  ) 09CR20502-1
THE UNITED STATES OF AMERICA;  )
    RESPONDENT;  )

\*    \*    \*    \*    \*    \*

## PETITION SEEKING EXPEDITED RELIEF PURSUANT TO 28 USCS §3582(c)(1)(A)(i) UNDER LIFE-THREATENING PRISON PRACTICES

COMES NOW PETITIONER/DEFENDANT, HIS PROPRIA PERSONA STATUS, PRAYERFULLY PETITIONING THIS HONOURABLE DISTRICT COURT TO GRANT THIS PETITIONER COMPASSIONATE RELEASE PURSUANT TO 18 USCS §3582(c)(1)(A)(i). ADDITIONALLY; THE UNITED STATES ATTORNEYS' GENERAL MR. WILLIAM BARR HAS CLEARLY MANDATED THE FEDERAL BUREAU OF PRISONS, HEREINAFTER (FBOP) COMPLIANCE WITH EXPANDING AND EXPEDITING COMPASSIONATE RELEASE OR COMPASSIONATE RELEASE TO HOME CONFINEMENT FOR PRISON INMATES. WHILE CERTAIN CRITERIA ARE BEING CONSIDERED FOR COMPASSIONATE RELEASE AVAILABILITY, THIS PETITIONER (INITIALLY) PRESENTS ONE FACT IRRESPECTIVE OF AND DISCONNECTED FROM ANY PARTICULAR SENTENCE TIME OR CONVICTION. THAT FACT IS THAT THIS INMATE DID NOT RECEIVE A DEATH-SENTENCE FROM THE DISTRICT COURT OF CONVICTION. THEREFORE; TO ARBITRARILY ALLOW THE (FBOP) TO ENHANCE PETITIONER'S SENTENCE TO A DEATH-SENTENCE IS UNCONSTITUTIONAL, UNLAWFUL, AND MORALLY REPUGNANT.

## DISCUSSION

Petitioner echos Attorneys' General Mr. Barr and his released Memo to the (FBOP) and the Department Of Justice, hereinafter (DOJ), in its absolute agreement, in total, with Mr. Barr. It is necessary to acknowledge that the Memo was an Ordered Directive. This Memo was released on April 3, 2020 and the Mandate was to be immediately implemented. While the Memo was designed for Bureau-wide implementation, there are three (3) specific institutions that have a significant number of infected inmates and staff. These institutions are Federal Correctional Institution Oakdale, Louisiana; Federal Correctional Institution Danbury, Connecticut; and, most notably regarding this Petitioner and this Petition, Federal Correctional Institution Elkton, Ohio. Inmates are dieing at F.C.I. Elkton and the staff here are being lathargic in their Order to move out prison inmates to; 1) Remove "At-Risk" criteria acceptable inmates from prison, so 2) Other inmates who do not fit criteria acceptability can safely practice "social distancing".

Petitioner acknowledges that prison was not implemented to be a "Garden Party" and that prison overcrowding is well documented and a fact of circumstance. But, conversely, prison was not implemented to be a "random extermination camp". As an example; some food served in the (FBOP) is clearly labeled "NOT FIT FOR HUMAN CONSUMPTION". Just one example. Nevertheless, other facts related to this CoronaVirus pandemic needs notation and Judicial consideration.

1) Prison overcrowding is universally known and accepted by every Government individual and/or Agency and such

has been promoted for at least two (2) decades.

2) (FBOP) & (DOJ) both recognize the dangerousness over extreme overcrowding relating to inmate health and safety.

3) While the (DOJ) filed Civil Suits against various States regarding State prison overcrowding forcing State inmate population reductions, the (DOJ) did nothing (allowing Federal prison overcrowding proliferation for decades) in Federal prisons Bureau-wide regarding health and safety dangers from excessive inmate overcrowding.

4) While past Federal prison overcrowding carried a relative dangerousness; exponential death possibility in the 'packed prisons' is now very real.

5) F.C.I. Elkton has multiple dozens of inmate and staff testing positive for CoronaVirus.

6) Interestingly enough, the general F.C.I. Elkton inmate population is not being tested for CoronaVirus, and as such, any relative number of systematic and/or asystematic carriers is completely unknown; and with an inmate population of about (2000), the number could be enormous, thereby, increasing a death sentence for this inmate and others.

7) Given that, about (100) inmates and staff are currently being quarantined.

8) Maybe a couple dozen inmates are currently being hospitalized with several inmates on ventilators.

9) To date, apparently eight (8) inmates have currently died from CoronaVirus at F.C.I. Elkton, essentially being issued a death sentence by the (FBOP) and F.C.I. Elkton (Warden Mark K. Williams and other staff); not the Sentencing Court.

10) Due to staff infections, Bureau staffing is severely understaffed.

11) Given the unprecedentedness of this pandemic, the sparse staff are extremely ill-prepared and not equipped to safely provide needed provisions under set safe criteria to protect the inmates and the staff at F.C.I. Elkton (of which a lowered inmate population would significantly support).

12) Placing infected inmates at the local hospital has, apparently, caused outrage from the local population.

13) F.C.I. Elkton's medical department was so understaffed and unqualified for this 'Elkton Pandemic' that the State of Ohio had to deploy the Ohio National Guard to provide medically qualified staff inside F.C.I. Elkton prison.

14) So pervasive is the CoronaVirus 'Elkton Pandemic' that Ohio National Guard set up a temporary hospital inside the prison Unicor facility.

15) F.C.I. Elkton is using Education, Chapel, and Recreation areas for various quarantining regimins.

16) Medical staff had stopped taking temperatures of inmates until (presumably, in response to the ACLU Class Action Civil Suit) recently when they restarted it.

17) Case Managers are deliberately ignoring inmate needs and questions regarding Half-Way-House, Home Confinement, Compassionate Release, CoronaVirus concerns, and many other health, safety, and overcrowding concerns.

18) One inmate was issued an Incident Report and placed in Special Housing Unit (isolation) for requesting a face

MASK (THAT BELATELY HAVE SINCE BEEN ISSUE INSTITUTION-WIDE).

19) ELKTON PRISON STAFF ACKNOWLEDGE THE "SOCIAL DISTANCING" REQUISITE AND IS VISUALLY EVIDENT IN THE CONTROLLED SINGLE UNIT MOVEMENTS TO GET STYROFOAM TRAYS WITH PREPARED MEALS FOR 'IN UNIT' CONSUMPTION; TAPED SPACING ON DINING HALL FLOOR, AND SET-UP CAUTION CONES ON THE COMPOUND; BUT INMATES ARE ISOLATED IN UNIT AND PACKED, ALMOST LITERALLY, SHOULDER-TO-SHOULDER WHILE ASSIGNING NEW INMATES TO ANY AVAILABLE OPEN BUNK (AND THIS AFTER THIS (FBOP) HAD DISSIMINATED A MEMO [BUREAU-WIDE] THAT ALL TRANSFERS WERE SUSPENDED FOR THIRTY (30) DAYS - BUT WERE NOT).

20) NEXT TO NO CORONAVIRUS SCEENING BEING PERFORMED ON INMATES AT THIS INSTITUTION.

21) WHILE SOME MINIMAL SANITATION PROCEDURES HAVE SINCE BEEN IMPLEMENTED; THIS INSTITUTION WAS IMPLEMENTING NEXT TO NOTHING UNTIL THE ACLU CLASS ACTION CIVIL SUIT WAS FILED AND GRANTED.

22) F.C.I. ELKTON STAFF IS UNDERSTOOD TO BE CURRENTLY IN VIOLATION OF THE UNITED STATES DISTRICT COURT OF NORTHERN OHIO DECISION AND ORDER; CIVIL CASE NO. 4:20-CV-794

CONSEQUENTLY; PETITIONER PRESENTS HIS SPECIFIC CIRCUMSTANCES THAT HE PRAYS THIS DISTRICT COURT WILL WEIGH IN ITS CONSIDERATION OF COMPASSIONATE RELEASE OR COMPASSIONATE RELEASE TO HOME CONFINEMENT. or time Reduction as The Honourable Judge omeARA wanted to sentence me to 5 years, But His Hands were Tied and Had To give me The mandatory m+m sentnce. also unforseen Health issues THat I Didnot Have at THe time of sentenceing Have such appeared. THey are COPD, asma, HeaRT issues and cronic Pain from Hydro seals. THat BOP ELKTON Refuses to

(5) (2)

provide pain medication that was proscribed at BOP Sandstone. If granted relief I have home placement, employment, full family support and V.A. support.

In conclusion: Petitioner prays this District Court grants his prayer for relief in this Petition. Petitioner was not Court sentenced to a death sentence; and while any person can die at any time, allowing F.C.I. Elkton prison staff to knowingly exacerbate the possibility of death is constitutionally forbidden and humanly reprehensible. CoronaVirus inmates were roaming the compound and possibly still are. No general testing is being performed and no one knows. Two facts are known. One, Eight (8) inmates, to date, received an (FBOP) enhanced sentence of death not Court issued due to "deliberate indifference" actions. Two, CoronaVirus is deadly and F.C.I. Elkton prison is a "hotspot" petri dish for infections with multiple deaths logged and counting. Such should warrant some form of Compassionate Release, Home Confinement, or other relief given personal factors enumerated.

Petitioner sincerely thanks this District Court for its consideration of this Petition, and prayerfully its grant.

Respectfully Submitted; Matthew Tyler 43913039  Date: 5-1-2020

(6) of (6)

TRULINCS 43913039 - TYLER, MATTHEW - Unit: ELK-D-B

---

FROM: Warden
TO: 43913039 TYLER, MATTHEW
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/22/2020 02:02 PM

You do not meet the criteria for placement on home confinement under the CARES Act due to your current conviction for a sex offense.

>>> ~^!"TYLER, ~^!MATTHEW" <43913039@inmatemessage.com> 4/12/2020 2:57 PM >>>
To: Warden
Inmate Work Assignment: unit ordlery

I was told to contact you about home confinement I don't know all the criteria for it but I know I fit most of it with age health issues and time in. I have home placement, jobs, family support and a clean and healthy living arrangements to live in. I'm x military and to be honest I'm tired of prison. I thank you for looking into this and hope you will conceder me for home confinement. thank you. Matthew Tyler 439130-039 d-b

TRULINCS 43913039 - TYLER, MATTHEW - Unit: ELK-D-B

----------------------------------------------------------------------------------------

FROM: 43913039 TYLER, MATTHEW
TO: Warden
SUBJECT: ***Request to Staff*** TYLER, MATTHEW, Reg# 43913039, ELK-D-B
DATE: 04/29/2020 08:02 PM

To: Warden Williams
Inmate Work Assignment: unit ordlery

ill try to respond to what you are asking for. as i have been in extreme pain since doctor Dunlop took me off my pain meds for no reason and my issues have not been fixed. concentrating is hard. i have copd, possible asthma and lung damage do to chemicals. also chronic pain for hydro seals, and a operation that still causes pain. none of these problems i had prior coming to prison. and care in prison as you know is not as good as it could begin have full medical through v/a and as i said earlier home placement with my dad then wife. employment as i am a tattoo artist, and plumber. i have done over 75% of my time and try to keep to my own with work and programming when i can. i know my crime keeps me from almost all forms of relief as it is a computer crime. im almost 60 and have 3 and a half years left in prison . if you would conceder me for some type of time reduction or compassionate release. me and my family would be great full. also i honestly don't want to die in prison. i need to get my life together for my wife, kids and grand kids. i thank you for your time and any consideration you might give me even if not thank you for your time and i hope i did this right. thank you.
-----Warden on 4/29/2020 3:17 PM wrote:

>
Please provide the reason/criteria you are applying under.

>>> ~^!"TYLER, ~^!MATTHEW" <43913039@inmatemessage.com> 4/26/2020 7:43 PM >>>
To: Warden Williams
Inmate Work Assignment: unit ordlery

I know your busy sir and thank you for your time in this matter. i was told by my attorney to submit a copout to you for a 18 u.s.c. 3582 (c) (1). for time reduction or compassionate release do to health issues. i have a home placement, employment, and full family support if and when I'm released i am also a vet of the u.s. army. thank you for your time sir.



U.S. Department of Justice

**Federal Bureau of Prisons**

**Federal Correctional Institution**

Elkton, Ohio 44415

Date: May 7, 2020

Reply to
Attn of:   Mark K. Williams, Warden

Subject:   Compassionate Release/Reduction in Sentence

To:   TYLER, Matthew
Reg. No. 43913-039
Unit DB

This is in response to your request for a reduction in sentence (RIS) based on underlying health issues and concerns about COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance. Health Services staff have reviewed your medical records and determined you do not meet the criteria for a compassionate release/reduction in sentence at this time.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.



no postmark

U.S. MARSHALS

Federal DISTRICT COURT
Ann Arbor, mi
Clerk of court
200 E Liberty ST.
Ann Arbor mi.
48104

Matthew Tyler 43913039
Federal correctional institution Elkton
P.O. Box 10
Lisbon, OH 44432

RECEIVED
MAY 27 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

